IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
PHARMERICA CHICAGO, INC., a )
Delaware Corporation, )
                                                    Plaintiff, )
)
   v. )
)
DAVID MEISELS, individually, )   Case No. 10-cv-02741
CONTINENTAL CARE CENTER, INC., )
an Illinois Corporation, AMBASSADOR )
NURSING AND REHABILITATION )
CENTER, INC., F/K/A AMBASSADOR )   Honorable John A. Nordberg
NURSING CENTER, INC., an Illinois )
Corporation, BLOOMINGDALE PAVILION, )
LLC, an Illinois Limited Liability Company, )
BCDM, LLC, an Illinois Limited Liability )
Company, BLOOMINGDALE TERRACE )
REALTY, LLC, an Illinois Limited Liability )
Company, MEISELS FAMILY LIMITED )
PARTNERSHIP, an Illinois Limited )
Partnership, MICHAEL FILIPPO, )
individually, )
)
                                       Defendants. )
------------------------------------------------------------x

**DEFENDANTS' MOTION TO DISQUALIFY
PLAINTIFF'S COUNSEL PURSUANT TO LOCAL RULE 83.53.7**

      Defendants David Meisels, Continental Care Center, Inc., Ambassador Nursing and Rehabilitation Center, Inc., f/k/a Ambassador Nursing Center, Inc., Bloomingdale Pavilion, LLC, BCDM, LLC, Bloomingdale Terrace Realty, LLC, Meisels Family Limited Partnership, and Michael Filippo (collectively, "Defendants"), by and through their attorneys, ASHMAN LAW OFFICES, LLC, respectfully move this Court to disqualify Plaintiff's counsel pursuant to Local Rule 83.53.7, and in support thereof state as follows:

      1.     Northern District of Illinois Local Rule 83.53.7 states in part that "A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably

should know that the lawyer may be called as a witness therein on behalf of the client." N.D. Ill. Loc., R 83.53.7(a). This rule is substantially similar to Illinois Supreme Court Rule of Professional Conduct, which states "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Ill. Sup. Ct. R. Prof'l Conduct, R 3.7(a). Both rules allow exceptions for uncontested testimony, testimony about the nature and value of legal services rendered in the case by the lawyer to the client, and where disqualification would impose a substantial hardship on the client. N.D. Ill. Loc., R 83.53.7(a)(1), (3), & (4); Ill. Sup. Ct. R. Prof'l Conduct, R 3.7(a)(1)-(3). Rule 83.53.7 additionally excepts testimony that relates to a formality, wherein the lawyer reasonably believes that he or she will not offer substantial evidence. N.D. Ill. Loc., R 83.53.7(a)(2).

   2. The official comment to Rule 83.53.7 explains the reasoning behind this rule, as follows:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

N.D. Ill. Loc., R 83.53.7. Additionally, this rule serves to ensure the objectivity of the witness and the appearance of fair administration of justice. *United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983).

   3. Plaintiff, in its Complaint (Docket No. 1), alleges that Abraham Stern ("Stern"), an attorney for Defendant David Meisels ("Meisels"), made false statements to Plaintiff's counsel regarding the relationship between West Suburban Care Center, LLC ("West Suburban"), its owner Michael Filippo ("Filippo"), and Meisels. *See* Compl.¶¶ 48-61. The statements were allegedly made to Plaintiff's counsel in the context of a 2007 lawsuit in which Plaintiff had named Meisels and Meisels-related entities as Defendants (2007 Lawsuit). *See* Compl.¶¶ 41-42. Moreover,

Plaintiff further alleges that the law firm of Ashman & Stein, who served as litigation counsel to Defendants in the 2007 Lawsuit, "made repeated representations that [Meisels] was 'unrelated' and 'unaffiliated' with West Suburban." Compl. ¶ 63, 65.

4. The statements are central to Plaintiff's claims, as Plaintiff alleges that it relied on these purported statements in continuing to do business with West Suburban, from which Plaintiff alleges it incurred a loss, and agreed to settle the 2007 Lawsuit. Compl. ¶¶ 58-61, 63-66. Numerous counts of Plaintiff's complaint, including claims of Fraud, are predicated on these purported statements.

5. At the time of the 2007 Lawsuit, Plaintiff was represented by Benjamin C. Fultz ("Fultz"), of the firm Tachau Maddox Hovius & Dickens PLC (now Fultz Maddox Hovious & Dickens, PLC). Plaintiff is still represented by Fultz and his firm Fultz Maddox Hovious & Dickens, PLC in the instant proceeding. One of Fultz's colleagues, Jennifer Metzger Stinnett ("Stinnett"), also an attorney at Fultz's firm and serving as counsel in the instant proceeding, has confirmed that all of the purported statements at issue, as described in Paragraphs 3 and 4 above, were made to Fultz himself. *See* Affidavit of Kenneth J. Ashman, sworn to on August 24, 2010 (a copy of which is attached hereto as Exhibit A).

6. Fultz's testimony will be required to prove the content of the allegedly false statements made by Stern and Ashman & Stein. As with the attorney's testimony in *Jones v. Chicago*, Fultz's testimony here "will no doubt be crucial to advance plaintiffs' claims completely and zealously." 610 F. Supp. 350, 357 (N.D. Ill. 1984).

7. Fultz reasonably should know that he will be called as a witness on behalf of Plaintiff in order to testify to the content of Stern's and Ashman & Stein's alleged statements. Indeed, it is for this very reason why Ashman & Stein is not serving as litigation counsel in the instant proceeding, knowing that there were allegations against it regarding statements it purportedly

made. Fultz, however, has not taken the same precautions and, instead, has filed the instant suit. Notably, Fultz has conspicuously avoided naming in the lawsuit who, on behalf of Plaintiff, received the purported misrepresentations, but is undeniable that it is Fultz, especially in light of the reference that they were made to Pharmerica's counsel and Stinnett's admission.

8. This case is similar to that of *Sicher v. Merrill Lynch & Co.*, where Judge Joan B. Gottschall disqualified the plaintiff's attorney because he was a party to a conversation with the defendant's counsel and where the content of that conversation was in dispute. 2009 WL 4894658 (N.D.Ill. Dec. 11, 2009); 107 Fair Empl.Prac.Cas. (BNA) 1828. Here, as in *Sicher*, there is a dispute about the content of conversations between the parties' respective attorneys.

9. The court in *Sicher* identified concerns about the plaintiff's attorney's susceptibility to impeachment on bias and the potential for an "unsworn witness" problem relating to the plaintiff's attorney examining the other party to the conversation, leading to potential confusion in the trier of fact about separating the attorney's testimony regarding the content of the conversation and his subsequent summation and argument. *Id.* at 7. Here, Fultz faces the same problem. He would have to testify about his recollection of the content of the conversation, but would then be subject to cross-examination on his bias as Plaintiff's counsel. The trier of fact here could also face confusion about whether Fultz, in his summation and argument, were merely recounting the evidence presented, or testifying again as to his side of the story (without being subject to cross-examination). Accordingly, as was done in *Sicher*, this Court should disqualify Fultz from representing Plaintiff in this suit.

10. Fultz's testimony would not fall under any of the exceptions in Local Rule 83.53.7. The content of the alleged conversation is a contested matter and is material to Plaintiff's various claims. Likewise, Fultz would not be called to testify about the nature and value of legal services rendered.

11. Fultz cannot continue representing Plaintiff and be an impartial witness in the same matter, as his objectivity as a witness cannot be ensured while he serves as Plaintiff's counsel. Given these facts, and the fact that he would be the primary witness used to establish a key element of Plaintiff's fraud claims, the likelihood of prejudice against Defendants is high. The confusion that this dual role would likely impart on the fact finder would be an additional prejudice against Defendants.

12. While it is not clear at this point who in Fultz's firm may also have first hand knowledge of the alleged statements, further information on that subject may also lead to the necessary disqualification of the entire firm due to the same conflict of interest.

**WHEREFORE,** for all the reasons stated above, Defendants respectfully request that this Court enter an Order disqualifying Benjamin C. Fultz as Plaintiff's counsel, and providing such other and further relief as this Court deems just and proper.

Dated: Chicago, Illinois
September 1, 2010

DAVID MEISELS, CONTINENTAL CARE CENTER, INC., AMBASSADOR NURSING AND REHABILITATION CENTER, INC., F/K/A AMBASSADOR NURSING CENTER, INC., BLOOMINGDALE PAVILION, LLC, BCDM, LLC, BLOOMINGDALE TERRACE REALTY, LLC, MEISELS FAMILY LIMITED PARTNERSHIP, and MICHAEL FILIPPO,

Kenneth J. Ashman
Neal D. Kitterlin
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois 60603
(312) 596-1700

By: /s/ Kenneth J. Ashman
One of their Attorneys