**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PHARMERICA CHICAGO, INC., a Delaware Corporation,

Plaintiff,

v.

DAVID MEISELS, individually, CONTINENTAL CARE CENTER, INC., an Illinois Corporation, AMBASSADOR NURSING AND REHABILITATION CENTER, INC., F/K/A AMBASSADOR NURSING CENTER, INC., an Illinois Corporation, BLOOMINGDALE PAVILION, LLC, an Illinois Limited Liability Company, BCDM, LLC, an Illinois Limited Liability Company, BLOOMINGDALE TERRACE REALTY, LLC, an Illinois Limited Liability Company, MEISELS FAMILY LIMITED PARTNERSHIP, an Illinois Limited Partnership, MICHAEL FILIPPO, individually,

Defendants.

Case No. 10-cv-02741

Honorable John A. Nordberg

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL PURSUANT TO LOCAL RULE 83.53.7**

Defendants David Meisels, Continental Care Center, Inc., Ambassador Nursing and Rehabilitation Center, Inc., f/k/a Ambassador Nursing Center, Inc., Bloomingdale Pavilion, LLC, BCDM, LLC, Bloomingdale Terrace Realty, LLC, Meisels Family Limited Partnership, and Michael Filippo (collectively, "Defendants"), by and through their attorneys, ASHMAN LAW OFFICES, LLC, respectfully submit this Reply in further support of their motion to disqualify Plaintiff's counsel pursuant to Local Rule 83.53.7.

## ARGUMENT

Plaintiff admits in its Response (the "Response") to Defendants' Motion to Disqualify (the "Motion") that its counsel, Benjamin C. Fultz ("Fultz"), is one of two participants to one or more telephone conversations at issue in this case.[1] Despite the admission that Fultz is a witness to a conversation in what Plaintiff claims constitutes a material misrepresentation sufficient to constitute a fraud, with the only other witness being the person Plaintiff accuses of perpetrating the fraud, Plaintiff claims that Fultz can still act as its counsel without disqualification. For the reasons that follow, each of Plaintiff's five reasons why this Court should not grant the Motion to disqualify lack merit, and, instead, the relief sought in the Motion should be granted.

### A. Defendants' Motion Contains No Misstatements and, in Any Event, Plaintiff's Argument At Once is Irrelevant and Proves Defendants' Point

Plaintiff's first argument is that Defendants' Motion contains misstatements in that, rather than all of the purported statements at issue being made to Fultz, some were made to other attorneys at Fultz's firm. The discrepancy stems from a telephone conversation between Defendant's counsel, Kenneth J. Ashman, and another of Plaintiff's counsel, Jennifer Metzger Stinnett. In the first instance, the issue is irrelevant, since as long as Plaintiff has admitted that Fultz is one of two parties to a conversation that Plaintiff claims is material, the disqualification of Fultz is triggered, even if he is not party to every such conversation. But, the discrepancy illustrates the likelihood of Fultz's testimony, for even in a conversation that occurred just weeks ago between two counsel in this case, on a relatively narrow point, a good faith difference of opinion exists as to what was said. In any event, Plaintiff's first argument is no reason to deny Defendants' Motion.

---

[1] It is notable that, in Plaintiff's Complaint, Plaintiff avoids any mention as to whom the purported statements at issue were made – rendering it subject to dismissal under Fed. R. Civ. P. 9(b) – in a thinly veiled attempt to avoid the very disqualification motion now pending.

**B. The Disqualification Motion it Not Premature**

Plaintiff next argues that the Motion is premature, arguing that the case is in an early stage and that Fultz should be permitted to remain as counsel through discovery and motion practice. Plaintiff might have a valid point if the discovery of the lawyer as witness occurred in a later stage of a proceeding, but here the knowledge that Fultz is such a witness became known right away. In fact, as only one of two participants to the conversation at issue, Fultz was the key witness to provide the allegations of Complaint, for the information did not come from the only other participant to the conversation. Despite attempts to hide the fact that it is Fultz who is the key witness to this conversation on behalf of Plaintiff, it became known through Ms. Stinnett at this relatively early stage. Plaintiff has offered no case law or cogent argument why, once it became known that Fultz was the key witness on Plaintiff's side to the conversation at issue, Defendants or this Court must wait until some later point to address the matter.

Moreover, it is clear that Fultz will have to sit for his deposition, and it would complicate matters unnecessarily if he were to serve both as counsel and deponent, even if he had separate counsel for his personal deposition. By contrast, the partners of Ashman & Stein, Gary D. Ashman and Carey Stein, are experienced litigators, who served as counsel to Defendants in the prior litigation at issue. Yet, once they were identified as participants to conversations at issue in Plaintiff's Complaint, they refrained from representing Defendants herein, to protect against the very concerns that arise from Fultz's continued representation of Plaintiff in this matter.[2] Thus, Plaintiff's second argument that the Motion should be denied because it is premature must fail.

**C. Plaintiff Has Failed to Establish that Fultz's Testimony is Uncontested**

Fultz's testimony is critical to Plaintiff's case insofar as establishing the substance of a conversation with Abraham Stern is concerned. Yet, Plaintiff argues that the Motion should be

[2] Although Gary D. Ashman and Kenneth J. Ashman are cousins, their respective law firms and practices are unaffiliated, and, indeed, they currently represent opposing clients in a litigation.

defeated because "if Mr. Stern testifies consistent with the conversation, there will be no need for Mr. Fultz's testimony at trial." Response at 7. Plaintiff's logic is faulty.

The phrase, "consistent with the conversation," in the above-quoted sentence really means, "consistent with Fultz's version of the conversation," in which case Fultz would not feel compelled to testify. If, on the other hand, Mr. Stern deviates from Fultz's version, then Fultz would have to testify to "correct" things. What Plaintiff is really saying is that it intends to use Fultz as lead counsel at trial, where he will introduce himself to the jury, give an opening statement, and commence to call and examine witnesses. At some point in Plaintiff's case-in-chief, according to Plaintiff's argument, Plaintiff will call Mr. Stern as a witness. If Fultz does not agree with 100% of what Mr. Stern says, Fultz will then take the stand.

In other words, Plaintiff wants this Court to wait until mid-trial before adjudication of whether Fultz should be disqualified, after he has addressed the jury and performed as counsel in the case. Yet, Plaintiff's position, if adopted, would apply in almost every situation where a lawyer is an obvious witness in his or her client's case. Thus, every time a lawyer is a participant to a conversation, such lawyer could always argue that, perhaps, the lawyer's version of events will not conflict with the other witness' version, such that the lawyer's testimony might prove unnecessary. This argument turns the disqualification rule on its head, making the exception that a lawyer may testify as to uncontested matters as the rule, and the rule that a lawyer-witness is disqualified as the exception. Recall that Northern District of Illinois Local Rule 83.53.7 provides in pertinent part as follows:

> A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify if the testimony will relate to an uncontested matter. . . .

Local Rule 83.53.7(a)(1) (emphasis added).

Plaintiff's suggested wait-and-see strategy constitutes little more than litigation gamesmanship, since it is obvious that Fultz is the key Plaintiff witness to the conversation at issue – something Fultz knows or "reasonably should know." This is not a situation where Fultz's testimony relates to a mundane, clearly uncontested fact; rather, it provides the basis for Plaintiff's fraud-based claims. As such, Plaintiff's third argument fails to defeat the Motion.

**D. The Purported Existence of "Other Evidence" to Support Plaintiff's Case Suggests Granting the Motion to Disqualify**

Plaintiff next argues that there exists other evidence, such that Fultz's testimony might not be necessary. At the outset, it is important to note that this is not a situation where Defendants intend on calling Fultz as a witness, even though there exists other witnesses that Defendants could call with similar knowledge. Under this circumstance, it makes sense to require the party calling the lawyer-witness to establish that the testimony could not be obtained through other sources. But, this is not the situation here, since Plaintiff and Fultz could make a determination on their own of what evidence Plaintiff would want to offer into evidence.

Perhaps more importantly, however, if Plaintiff has access to "other" evidence, such that it will not need Fultz's testimony, then Defendants would happily withdraw the instant motion upon a stipulation from Plaintiff and Fultz that Fultz will not testify in the case. Until such time as any such stipulation is part of the record on this case, however, Defendants and this Court must recognize that Fultz remains a viable witness in this case, and, as such, he should not continue as Plaintiff's counsel.

**E. Plaintiff Has Failed to Establish that Disqualification of Fultz Will Pose a "Substantial Hardship" on Plaintiff or that the Motion is Used as an Improper Tactical Weapon**

A simple review of the signature block on Plaintiff's Response reveals that Plaintiff is currently being represented by two lawyers from Fultz's firm and two lawyers local to the Chicago area – not including Fultz. Thus, Plaintiff currently has four lawyers representing it, besides Fultz,

with more lawyers available at Fultz's firm. It is hard to imagine that Plaintiff will suffer a "substantial hardship" by Fultz's absence in this light, especially since the case is at its earliest stages. Aside from the conclusory statement that "substantial hardship" will follow Fultz's disqualification, Plaintiff has offered or supported a single reason why this would be the case.

Moreover, as to the charge that Defendants' Motion is somehow an improper tactical weapon, there is little to say other than Plaintiff is wrong. Defendants did not choose Fultz as Plaintiff's star witness, and, upon the execution and filing of a stipulation that Fultz will not testify, Defendants would withdraw the Motion. Defendants merely seek the enforcement of the established rule that Fultz not serve both as counsel and witness in this case, as aptly embodied in the official comment to Local Rule 83.53.7:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

N.D. Ill. Local Rule 83.53.7. The rule serves to ensure the objectivity of the witness and the appearance of fair administration of justice. *United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983). For Plaintiff to charge that this is done for an improper purpose is almost as irresponsible as advocating that Fultz should serve both as counsel and witness in this case.

**CONCLUSION**

For all the reasons stated above, Defendants respectfully request that this Court enter an Order disqualifying Benjamin C. Fultz as Plaintiff's counsel, and providing such other and further relief as this Court deems just and proper.

Dated: Chicago, Illinois
October 1, 2010

DAVID MEISELS, CONTINENTAL CARE CENTER, INC., AMBASSADOR NURSING AND REHABILITATION CENTER, INC., F/K/A AMBASSADOR NURSING CENTER, INC., BLOOMINGDALE PAVILION, LLC, BCDM, LLC, BLOOMINGDALE TERRACE REALTY, LLC, MEISELS FAMILY LIMITED PARTNERSHIP, and MICHAEL FILIPPO,

By: /s/ Kenneth J. Ashman
One of their Attorneys

Kenneth J. Ashman
Neal D. Kitterlin
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois 60603
(312) 596-1700

**CERTIFICATE OF SERVICE**

Kenneth J. Ashman, an attorney, hereby certifies that he caused a copy of the foregoing *Defendants' Reply in Further Support of Their Motion to Disqualify Plaintiff's Counsel Pursuant to Local Rule 83.53.7,* to be served on October 1, 2010, upon the following via electronic filing:

Mark G. Sheridan
Katherine L. Hartley
Bates & Carey, LLP
191 N. Wacker Dr., Suite 2400
Chicago, IL 60606

Benjamin C. Fultz, Esq.
Jennifer Metzger Stinnett, Esq.
Chacey Ford, Esq.
Fultz Maddox Hovious & Dickens PLC
2700 National City Tower
Louisville, Kentucky 40202

/s/ Kenneth J. Ashman
Kenneth J. Ashman