# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 02741 | **DATE** | 10/5/2010 |
| **CASE TITLE** | PharMerica Chicago, Inc. vs. Meisels, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Disqualify Plaintiff's Counsel Pursuant to Local Rule 83.53.7 [Doc. 38] is denied without prejudice.

■[ For further details see text below.]

# STATEMENT

This case is an action to collect on a $249,373.16 default judgment obtained by Plaintiff against nonparty West Suburban Care Center, LLC ("West Suburban") on September 9, 2008, in *PharMerica Chicago, Inc. v. West Suburban Care Center, LLC*, 08 C 3775. Plaintiff has been unable to collect the judgment from West Suburban. Plaintiff alleges that much of the funds from the operations of West Suburban were siphoned off by Defendants, who are alter egos of one another. Plaintiff asserts claims for fraud, breach of fiduciary duty, conspiracy to breach fiduciary duty, inducement to breach fiduciary duty, fraudulent transfer, unjust enrichment, and tortious interference with contract. These claims hinge on alleged misrepresentations made by agents of Defendants, in furtherance of an alleged conspiracy to divert funds away from Plaintiff. One of the alleged misrepresentations—that West Suburban was unrelated to Defendant David Meisels and the other Corporate Defendants—was communicated to Benjamin C. Fultz, who is Plaintiff's lead counsel.

Presently before the Court is Defendants' Motion to Disqualify Plaintiff's Counsel Pursuant to Local Rule 83.53.7 [Doc. 38]. Defendants argue that Fultz should be disqualified as counsel pursuant to the "advocate-witness" rule because "Fultz's testimony will be required to prove the content of the false statements." (Motion at ¶ 6.)

Motions for disqualification "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982). Because a party is "entitled to a degree of deference in the prerogative to proceed with counsel of her choice, … disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (internal citation and quotation marks omitted). Furthermore, "the district court possesses broad discretion in determining whether disqualification is required in a particular case." *Whiting Corp. v. White Machinery Corp.*, 567 F.2d 713, 715 (7th Cir. 1977)

**STATEMENT**

(internal citation and quotation marks omitted).

"Under the advocate-witness rule, counsel is barred from acting as both an advocate and a witness in a single proceeding except under special circumstances." *United States v. Marshall*, 75 F.3d 1097, 1106 (7th Cir. 1996). This rule (1) eliminates the possibility that counsel will not be a fully objective witness; (2) reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to counsel's arguments; and (3) avoids the appearance of impropriety. *United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983); *Mercury Vapor v. Village of Riverdale*, 545 F. Supp.2d 783, 787 (N.D. Ill. 2008). In this Court, the Local Rules provide:

> (a) A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify:
>
>> (1) if the testimony will relate to an uncontested matter;
>>
>> (2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;
>>
>> (3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or
>>
>> (4) as to any other matter, if refusal to act as an advocate would work a substantial hardship on the client.
>
> (b) If a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may act as an advocate in a trial or evidentiary proceeding unless the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.
>
> (c) Except as prohibited by LR83.51.7 or LR83.51.9, a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness, and nothing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation.

LR 83.53.7.

As discussed above, Fultz played a role in the events preceding this litigation, especially in regard to the alleged misrepresentations. Thus, Fultz could be a fact witness, which could conflict with his role as counsel for Plaintiff. In fact, Plaintiff acknowledges that "Fultz may be a fact witness [in this case], which could conflict with his role as counsel for [Plaintiff]." (Response at 3.) Nevertheless, Plaintiff contends that the Motion is premature because "the issue in which Mr. Fultz could potentially provide testimony is not, at least at this point, a contested fact … [and] there is other evidence of Defendants' misrepresentations beyond the misrepresentation made specifically to Mr. Fultz." (*Id.* at 1.)

Despite the potential for conflict, the Court finds it premature to take the "drastic measure" of disqualifying Fultz at this stage of the litigation. First, while Fultz could be prohibited from acting as an advocate at trial or in an evidentiary hearing, he is not prohibited from handling other phases of the litigation.

**STATEMENT**

*See* LR 83.53.7(c) ("nothing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation"); *Mercury Vapor*, 545 F. Supp.2d at 789 ("Thus, even if [counsel] later becomes a witness at trial or in an evidentiary proceeding, he is not prohibited from conducting discovery, drafting motions, or serving in some other capacity at this stage of the litigation.").[1]

Second, this case is only at the pleading stage—a motion to dismiss is pending—and no discovery has commenced. *See Heim v. Signcraft Screenprint Inc.*, 2001 WL 1018228, at *2 (N.D. Ill. 2001) (disqualification at pleading stage not warranted because "it is not clear at this point whether [counsel] will in fact be needed as a witness"). Furthermore, it is not clear at this point whether Fultz's testimony will be contested or crucial to the case. *Cf. Sicher v. Merrill Lynch & Co.*, 2009 WL 4894658, at *2 (N.D. Ill. 2009) (because "[counsel's] testimony regarding the conversation between himself and Greenfield is contested and crucial to Sicher's case, … Local Rule 83.53.7(a) clearly bars [counsel] from representing Sicher at any trial or evidentiary proceeding in this matter"). Even if Fultz's testimony is contested, it may be resolved at summary judgment through affidavits. In sum, "[i]t is entirely conjectural what claims, if any, will proceed to trial, let alone whether [Fultz] will be called as a witness." *Mercury Vapor*, 545 F. Supp.2d at 789.

---

[1] Even if Fultz is later disqualified, his firm may still represent Plaintiff. *See* LR 83.53.7(c) ("a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness"); *Mercury Vapor*, 545 F. Supp.2d at 790 ("Ordinarily, another member of the lawyer-witness's law firm may continue acting as an advocate during trial even if the lawyer-witness is disqualified.").